UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VISHRUT AMIN, and
JIGARBHAI N. AMIN,

    Plaintiffs,

v.                                               Case No: 8:23-cv-02345-KKM-JSS

JUDGE CARLA R. PEPPERMAN,
individually, and in her official capacity,

    Defendant.
_____

## ORDER

On October 16, 2023, Vishrut Amin and Jigarbhai Amin, proceeding pro se, filed suit against the Honorable Carla R. Pepperman, County Judge for the Fifth Judicial Circuit in and for Lake County, Florida. Compl. (Doc. 1). Plaintiffs alleged that Judge Pepperman deprived them of constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, in violation of 42 U.S.C. § 1983, by conducting certain state court proceedings via Zoom. Compl. at 3, 7. Plaintiffs also claimed to be the victims of discrimination and retaliation under Title VI of the Civil Rights Act of 1964. *See id.* at 7. Because the complaint was an impermissible shotgun pleading, the Court dismissed it with leave to amend. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320

(11th Cir. 2015); (Doc. 3) at 4. Plaintiffs have filed a timely amended complaint. *See* Am. Compl. (Doc. 5). Because the amended complaint remains an impermissible shotgun pleading, however, I again dismiss with leave to amend. *See Weiland*, 792 F.3d at 1320.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has explained that such complaints are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). And although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court,

2

he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." (emphasis omitted)).

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote omitted).

Despite attempting to address the issues identified in the Court's dismissal order, the amended complaint remains a shotgun pleading. For example, although the amended complaint now separates its allegations into numbered counts, it still commits "the mortal sin," *Weiland*, 792 F.3d at 1322, of incorporating the allegations of each preceding count into the next such that Count III incorporates the entire amended complaint, *id.* at 1321 ("The most common type—by a long shot—is a complaint containing multiple counts

3

where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." (footnote omitted)); Am. Compl. ¶¶ 48, 51, 54. Because the amended complaint is nonetheless a substantial step in the right direction, Plaintiffs may have one more opportunity to amend to correct the above deficiencies.

Accordingly, the following is **ORDERED**:

1. Plaintiffs' Amended Complaint (Doc. 5) is **DISMISSED**.

2. By **November 28, 2023**, Plaintiffs may file an amended complaint consistent with the directives of this Court's orders and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and the Local Rules. If Plaintiffs fail to amend the complaint or submit another shotgun pleading, this action will be dismissed without further notice.

**ORDERED** in Tampa, Florida, on November 7, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge