# UNITED STATES DISTRIC COURT
## For The Middle District of Florida
## Civil Division

VISHRUT AMIN,                :     Case No.8:23-CV-02345-KKM-JSS
JIGARBHAI N AMIN       :
Plaintiff                  :

                       :

v.                       :

                       :

JUDGE CARLA R. PEPPERMAN   :
Individually and in her official capacity  :
As county judge, In and for Lake County, FL:
Defendant

NOV 16 2023 PM 2:55
FILED - USDC - FLMD - TPA

## SECOND AMENDED COMPLAINT

## Jury Demand

1.     Plaintiff alleges that Defendant acted under color of state law and violated Plaintiff(s)'s constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States while acting as a presiding judge in civil case No 2022-CC-3697 filed in County Court, In and For Lake County, FL on 15 July 2022 till she was forced to withdraw on 14th August 2023. Plaintiffs also bring claim for discrimination and retaliatory action(s) initiated by defendant against plaintiff(s) while acting under color of state law and presiding over as judge in civil case No. 2022-CC-3697.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

3.      28 U.S.C. § 1367 provides supplemental jurisdiction over the violation of constitutional rights of Plaintiff by Defendant under Florida state law that arose from the same common nuclei of facts.

4.      Venue in the United States District Court for the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391.

5.      These constitutional law violations are "capable of repetition, yet evading review." *Roe v. Wade*, 410 U.S. 113, 125 (1973) (citing *Southern Pacific Terminal Co. v. ICC*, 219 U. S. 498, 515 (1911), *Moore v. Ogilvie*, 394 U. S. 814, 816 (1969), *Carroll v. Princess Anne*, 393 U. S. 175, 178-179 (1968), *United States v. W. T. Grant Co.*, 345 U. S. 629, 632-633 (1953)).

## PARTIES

6.      Plaintiff(s) VISHRUT AMIN & JIGARBHAI N AMIN are individuals who are residing at address 24828 Lambrusco Loop, Lutz, FL-33559. Plaintiffs are Asian, Person of Color (POC) have Indian origin and has Limited English Proficiency (LEP) with respect to judicial proceedings where higher proficiency is necessary for effective participation.

7.      Defendant Judge CARLA R PEPPERMAN is serving county judge, In and for Lake County, Florida whose publically known address is PO BOX 7800, 550 W Main St, Tavares, FL-32778. At all times relevant hereto she acted under color of state law. She is sued both in her individual and official capacity. She is serving in Florida court system which qualifies for governing under provision of Title VI of Civil Right Acts 1964.

## FACTS

8.      A Civil case was filed against Plaintiffs in County Court, In and For Lake County, FL on 15th July 2022 by GEICO INDEMNITY COMPANY (GEICO) and assigned a Case No 2022-CC-3697. The case was assigned to Defendant.

9.      A summon was issued on 15th July against Plaintiffs by court bearing address as 24728 Lambrusco Loop, Lutz, FL-33559. However correct address of Plaintiffs is 24828 Lambrusco Loop, Lutz, FL-33559. No verification of correctness of summons carried out by court prior to issue. This error has never been corrected either by court, GEICO, or Attorney of GEICO.

10.     Judge Carla R Pepperman as Presiding Judge of the case issued Case Management Order on 29th Jul 2023 which was require to be entered by the Court within 30 days of service on the last defendant. The order was issued without

service being completed on either of defendants. Judge Carla R Pepperman failed to verify the fact.

11.     On 15th August 2022, Plaintiffs as Pro Se without waiting for summon to be served, being notified by court order, not very well conversant of Fla. R. Civ. P at that instance and on good faith filed a motion to dismiss the case and award of summary judgment. The documentary evidence clearly establishing the fact beyond reasonable doubt that opposing party does not have cause of action to pursue the case was attached with motion. The motion was never heard and still pending with court awaiting hearing.

12.     Plaintiffs responded as Pro se and having exercise the right granted, did not registered with court electronic system and did not provide any emails addresses or telephone numbers for communication to protect their privacy. All filing till dates are being done physically and through USPS mail only.

13.     On 17th August 2022, Plaintiff filed answer to pleadings in anticipation to avoid default judgment.

14.     Person serving process must make proof of service by submitting affidavit as per Fla. R. Civ. P 1.070(b) promptly after service is made to court. Court docket does not have entry of any records of summons served, a mandatory requirement of due process to start judicial proceedings in any court. No records exist till date in court docket for proof of service executed on Plaintiffs.

15.    When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance must be entitled to such additional process against the un-served party as is required to effect service. No such additional process was initiated against deficient summon(s).

16.    On 22nd August 2022, Discovery request to produce documents was sent via USPS to Attorney of opposing Party, GEICO Indemnity Company (GEICO). First reminder notice clearly indicating intention to seek order from court through filing motion if response not received in 30 days was sent on 09th September 2022.

17.    Interrogatory was sent to liability insurer of plaintiff being indispensible party defined in Florida Statue F.S.627.727(6)(b) on 31st August 2022.

18.    On 16 September 2022, Instead of replying the interrogatory, Liability Insurer, Progressive Select Insurance Company (Progressive) injected a lawyer named Mr. Timothy N Bench, ESQ (Timothy) without any intimation or consultation with Plaintiffs. No statement of insured client's right was issued to plaintiffs before he filed electronic notice to represent the plaintiffs as defense attorney which is a mandatory requirement under Subsection (j) to Rule 4-1.8 of Florida Bar code of conduct.

19.    This action forced plaintiffs to discontinue all actions immediately which they initiated as Pro Se. Mr. Timothy did not take any follow up action on

discovery requests sent to GEICO or initiated action to schedule hearing on motion to dismiss pending with court. He did not file any motion, request or notice other than motion to withdraw protecting interest of his employer and himself over a span of nine month.

20.     On 02nd November 2022, Mr. Timothy filed a motion to strike appearance and motion to withdraw citing reason as "excusable neglect" that to without any prior notice or consultation with plaintiffs.

21.     Notice of hearing dated 29 December 2022 was purposefully sent to incorrect address at 7716 Park Hill Ave, Leesburg, FL-34748 which never was received by plaintiffs. Notice included email addresses of only one plaintiff, Vishrut Amin. The emails were personal property of plaintiff and protected under attorney client privilege and also under constitutional rights granted by US constitution. Mr. Timothy and court both does not have any rights to bring private information of Plaintiff in public domain or to use them in judicial proceedings without first obtaining consent of plaintiff just to facilitate their own ease and working comfort.

22.     On 18 January 2023, Memorandum of opposing motion to strike appearance and motion to withdraw citing malicious intent of denying discovery and obligation of recovering fraudulent payment made to GEICO in part subrogation process was filed.

23.     After failed conversation of pursuing Mr. Timothy to conduct in person hearing and receiving blunt response that "you may appear in person but I will attend through ZOOM only", with no recourse, Plaintiff filed motion to grant in person hearing on 15th Feb 2023 citing violation of constitutional right and violation of court's own procedure.

24.     Judge Carla R Pepperman without giving due opportunity of grant of hearing or giving any explanation in support of denial, denied the motion to appear in person on 20 Feb 2023. The certificate of service attached to order has only email reference related to one of the plaintiff. No mailing address officially registered for communication was mentioned in order.

25.     Plaintiffs were ordered by Defendant to appear through remote proceedings using their personal property against their will and consent (mobile phone/laptop/communication device) from the safety of their home directing them to maintain court decorum, forcing plaintiffs to take training to use zoom prior to meeting, installation of third party software on personal devices and face adverse consequences if not able to train themselves without understanding the ability/limitation to learn. Other disabilities/limitation such as language barrier/pronunciation/proficiency in English language and limitation of resources such as availability of internet connection with sufficient bandwidth, work restriction were not given any due consideration.

26.     Notice of seeking clarification on constitutionality of remote proceedings and use of communication technology in court proceedings was filed on 27 Feb 2022. No response was received from Defendant which she had duty to answer.

27.     On 07 March 2023, Having no recourse available, to protect their constitutional rights, privacy and not to subject themselves to alleged unconstitutional hearing ordered, Plaintiff informed court for not attending hearing scheduled clearly citing the reasons.  *"The US Supreme Court had already made it clear in its 2020 Seila Law opinion that having to go through the unconstitutional proceeding is a "here-and-now injury" that a "court of appeals can do nothing" about.( Id. (citing Seila Law LLC v. Consumer Financial Protection Bureau, 591 U. S. ___, ___(2020) (slip op., at 10))."*

28.     Court was also informed through filing notice on 07th March 2023 for discontinue use of any email addresses purposefully leaked by Mr. Timothy being not registered with court email system and redact such information in documents already filed in court docket to protect privacy of plaintiffs. Court did not take any action and continued use of email addresses unconstitutionally leaked. This forced plaintiffs to limit or deactivate and discontinue the use of email addresses leaked. The loss had profound negative impact on plaintiffs.

29.     Judge Carla R Pepperman continued with hearing scheduled on 15 March 2023. The date of hearing which coincidently was coinciding with deadline set by

herself for completing discovery within 270 days mentioned in Case Management Order needs no explanation.

30.     Mr. Timothy submitted draft proposed order dated 25th April 2023 on 08th May 2023 at incorrect court address through mail rather submitting it through electronic docket system. The proposed order was never discussed with Pro Se Plaintiffs nor was any service provided on plaintiffs prior to submission to court.

31.     0n 08 May 2023, Judge Issued order granting withdrawal to Mr. Timothy without any reference to word "Prejudice". The Order does have mention in note to restore communication through mail with Plaintiff and complete service within five days of issue of order by Mr. Timothy. No service was completed as directed by her to Timothy.

32.     Order dated 08 May 2023 granting withdrawal of Mr. Timothy does not include certificate of service and mark with email service only was signed by Judge Carla R Pepperman.

33.     On 9th May 2023, Plaintiff as Pro Se resume their discovery process through filing of motion and notice of filing of motion to compel GEICO to produce documents sought earlier under discovery request (Request to Produce). The motion included copy of "request to produce", time of 30 days to comply with request and certificate of service. GEICO did not provide any response through his Attorney in stipulated timeframe.

34.     On 8th June 23, after consultation with Judicial Assistant and as directed by her, draft proposed order was submitted for review of Judge Carla R Pepperman as Attorney of GEICO failed to submit any documents and had maintained absolute silence on subject of discovery and was in default.

35.     In response, on 08th June 2023, Judge Pepperman issued direction in form of case information sheet for non compliance of procedure without verifying the facts. The case information sheet stated that "Need to set hearing with judges office and notice to all parties". Motion or proposed order not sent to all parties".

36.     On 19th June 2023, Plaintiff informed judge through filing of motion to reconsider the motion as they have already complied with Florida Rule Civil Procedure and GEICO was in default and as matter of right, Plaintiffs should have been granted relief.

37.     On 7th July 2023, Judge Carla R Pepperman denied the motion to compel discovery citing reason "discovery not propounded as per Florida R. Civ. Procedure". No opportunity of hearing was granted. She did not mention any rules which motion was not in compliance. The service was performed through emails only on plaintiff for denial order issued.

38.     The arguments made in denying motion at Para 37 related to discovery by Judge Carla R Pepperman were devoid of facts. The fact is all motions of discovery have documents or questions attached as exhibit, granting requisite

time to comply with to GEICO. The certificates of service were also filed along with motions thus were in compliance with the provisions of Fla. R. Civ. Procedure.

39.   On 13th July 2023, Plaintiffs file motion(s) to produce documents, Answer to Interrogatories complying with provisions of Florida Civil Rule Procedure and motion to extend deadlines of case management order which was scheduled to expire on 15th July 2023.

40.   On 18th July 2023, Motion seeking clarification on constitutionality of use of communication technology and remote hearing adopted by Florida Court Systems in which litigants are forced to reveal their personal information and force to use their personal property against their will and from privacy of their home was questioned. Alleged violation of Fourth, Fifth and Fourteen amendments were clearly cited. A simple question was raised that "Does Florida Judges have any jurisdiction over personal property of litigants for ordering its use against their will in court proceedings?"

41.   On 24th July 2023, Plaintiffs were compelled to file Writ of Certiorari in Circuit Court of Fifth Judicial Circuit of Florida seeking review on order of denial issued on motion to compel discovery on 7th July 2023.

42.   The same day that is 24th July 2023, copy of Writ of Certiorari was sent to judicial assistant of Judge Carla R Pepperman. The discussion on issue of

scheduling a hearing date for motions filed on discovery and pending decision was going on with Judicial Assistant on same date.

43.    Judicial Assistant rather giving tentative dates of hearing, informed plaintiff that Judge Carla R Pepperman is working on motion(s) filed and pending and thus Plaintiffs has to wait. No information was provided on details of motions on which Judge Carla R Pepperman was working and reasons for considering specific motions on her own initiative.

44.    On 3rd August 2023, Judge Carla R Pepperman issued single denial order for four specific motions which she deliberately selected. The motions were (1) Motion to compel discovery (2) motion of seeking answer to interrogatories (3) Motion to grant extension of case management order and (4) denial to conduct hearing on constitutional question raised.

45.    On 03rd August 2023, The motions to compel discovery and answer to interrogatories were denied citing reason "Denied as moot as differentiated civil case management order entered by court on July 29, 2022 require all discovery to be completed within 270 days after the complaint was filed". The judge overlooks the aspect that Plaintiffs has no control over process till 08th May 2023 (period of nine months) due to presence of Mr. Timothy as defense attorney in the case.

46.     Motion to seek constitutional questions denied citing reason that court declines to rule on the constitutionality of various rules of civil procedure and statues referenced by defendants since such a ruling is not necessary to outcome of case" referring case  of Curless v.Clay county, 395 So. 2d, 255 (FLA. 1st DCA 1981). However judgments of same case states that hearing is mandatory when constitutional question is raised during court proceedings.

47.     Between 11th and 14th August 2023, request for rehearing on motion(s) denied was filed citing errors observed in denial order issued against Plaintiffs.

48.     The plaintiffs were forced to file motion to disqualify judge on 14th August 2023 on ground of not having a fair and impartial trial and thus she was forced to withdraw from case.

49.      As a proximate result of Defendants' actions, Plaintiffs have been deprived of their constitutional rights, have been subjected to discrimination, have to incurred expenses for filing of writs in appellate court seeking review of her biased, technically flawed and retaliatory judgments and has suffered extreme embarrassment, shame, anxiety, and mental distress.

**FIRST CLAIM: DENIAL OF PROCEDURAL DUE PROCESS, A VIOLATION OF PLAINTIFFS RIGHTS GRANTED UNDER FOURTEENTH AMENDMENT OF US CONSTITUTION AGAINST DEFENDANT**

50.     Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

51.     Fourteenth Amendment can be understood in three categories: (1) "procedural due process;" **(2) the individual rights listed in the Bill of Rights, "incorporated" against the states;** and (3) "**substantive due process. "Procedural due process" concerns the procedures that the government must follow before it deprives an individual of life, liberty, or property.**(Emphasis Added)

52.     The US Supreme Court has determined that due process requires, at a minimum: (1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal. *Mullane v. Central Hanover Bank* (1950).

53.     Defendant willfully violated constitutional right of having Procedural Due Process granted to Plaintiffs under Fourteen Amendments while acting as presiding judge in Civil Case No 2022-CC-3697 filed in her court. The instances at which Plaintiffs rights of having "Procedural Due Process "were violated are enumerated sequentially circumstances wise in succeeding subparagraphs.

> (a)     **Refer Para 9**. On 15th July 2023, technically deficient summons were issued to be served on plaintiffs. Incorrect residential addresses of Plaintiffs were mentioned in summons.

(b)   **Refer Para 10**. Procedural error in issue & delivery of case Management Order by Defendant issued on 29 July 2022 which was only to be issued after summons have been served properly.

(c)   **Refer Para 11**. Non hearing of Motion to dismiss and summary judgment till date filed on 15th August 2022 and continued progressing the case till she was forced to disqualify. Timely hearing in which clear and convening evidence was attached as exhibit that GEICO do not have rights to subrogate the case would have ended litigation granting relief to Plaintiff.

(d)   **Refer Para 14**. Willfully ignoring the non filing of proof of serving of summons on plaintiffs. Non-filing of proof within 90 days of filing complaint would have ended the existing case. Continuation of case in absence of any proof of completion of service violates due process of law in any court be it federal or state.

(e)   **Refer Para 15**. Non initiation of additional process by Defendant to ensure adequacy of right of procedural due process in having served properly before commencing any further actions. The deficient summons were needed to be corrected and require to be reserved in stipulated time frame duly notified in docket if she wanted to continue the case to ensure adequacy of procedural due process.

(f)   **Refer Para 18 to 30**. Mr. Timothy, attorney of Progressive Select Insurance Company (PROGRESSIVE), with malafide intention injected himself as defense attorney without any notice and due consent of Plaintiffs on 16th September 2023 and remained on case till 08th May 23. The actions of Mr. Timothy resulted in irreparable harm to Plaintiffs both physically and emotionally. Intent and cumulative actions of Mr. Timothy which were clear and blatant violation of procedural due process were willfully overlooked by Defendant despite being brought to notice through filing of motions & Memorandum of Opposition.

(g)   **Refer Para 31 & 32**. "Defendant willfully choose to perform service of process (Delivery of order) through email only, information which she unconstitutionally obtained and brought to public domain without having due consent of Plaintiff thus causing irreparable harm to plaintiffs.  Defendant also willfully choose not to report unethical behavior, representation of misleading statements and other unlawful actions of Mr Timothy, a clear violation of code of conduct of Florida Bar association which is her duty to inform or impose any sanctions against him for committing fraud on court.

(h)  **Refer Para 37**.    Denial order dated 07th July 2023 issued on motion to compel discovery is devoid of merit and is clear attempt of defendant to shield non responsive attorney who has maintained absolute silence on subject of discovery after filing complaint and despite having burden of proof through submission of clear and convincing evidences in support of claims. Plaintiff never submitted "interrogatory" reason cited as in adequacy of due process in denial order but submitted "Request to Produce" where no such mandatory requirement exists. Plaintiffs though not required by law complied with due process through filing of notice and motion (Refer ¶ 33) which has copy of document (Request to produce) attached as exhibit and service of certificate attached. Opposing attorney was granted 30 days time to comply with request which she willingly not complied and was in default at time of consideration of motion.

(i)  **Refer Para 43**. Denial of request to schedule hearing on motion(s) filed previously and pending and on motions filed on 13th July 23 (Discovery) and 18th July 23 (Seeking clarification of Constitutional Rights of Plaintiffs) by Judicial Assistance of Defendant on 24th July 2023 and subsequent days citing that judge is working on motion(s)

has no relevance for grant/schedule of hearing being internal matter of court and independent of Plaintiff's basic right of having fair opportunity to be heard. In fact judge has duty to devote time to study the matter presented to her before schedule of any hearing for making informed and impartial decisions on subject. Denial of opportunity of being heard and issue of ex parte decisions on order is clear violation of rights protected under 14th Amendment.

(j)   **Refer Para 44 & 45**.        Denial order dated 03rd August 2023 on timely filed request to grant of extension of Case management order without having good cause to deny it (abuse of discretion) and weaponizing the same cause to deny motions which were not ripe for consideration (30 days time granted to opposing attorney to reply or comply with request was not over) and that to without considering request for grant of hearing is clear abuse of authority granted to judge. The actions violate the right of having protection of Due process.

(k)   **Refer Para 46**. Denial of request to conduct hearing on motion and issue of ex parte denial order (03 August 23) on motion filed questioning constitutional rights on flimsy ground is outrageous. Court has prime duty to protect constitutional rights of Plaintiffs

during conduct of judicial proceedings where actual controversy is either exist or presented. The judge has option to consider and issue directions/judgment or certify the question(s) to Supreme Court of Florida. She did not do so and instead cited a case in which ruling it contradict the order she has issued which also amount to violations of rights granted under 14th Amendments.

(l) **Refer Para 48**.    Defendant before admitted as judge in year 2021 has worked as attorney specialized in area of "Personal Injuries" which also covers injury sustained in automobile accidents. During her practice there is no possibility exist that she have not worked with or against GEICO or PROGRESSIVE and associated attorneys. She did not present this fact to defendant prior to commencement of case to having consent of plaintiffs to remain on case or rescued herself to insure that due process is followed to ensure impartiality of court. This ethically makes her non eligible for handling this case. She was forced to withdraw on motion filed by Plaintiffs on ground of "fear of not receiving fair and impartial trial".

54.    Defendant at all times relevant to this action was acting under color of state law. This deprivation due process while acting under color of state law is actionable under and may be redressed by 42 U.S.C. §1983 and 18 U.S.C. § 242.

## SECOND CLAIM: DENIAL OF EQUAL PROTECTION OF LAW (PARTIALITY, DISCRIMINATION, AND RETALIATION) UNDER FOURTEENTH AMENDMENT OF US CONSTITUTION AGAINST DEFENDANT

55.    Plaintiffs re-alleged and incorporate by reference all of the preceding paragraphs in this complaint.

56.    Defendant while acting under color of state law as presiding judge from 15th July 2022 to 14th August 2023 willingly over look all errors procedural or others committed by experience defense and opposing attorney and continued with considering and deciding matters presented before her by them and ruled in favor of them. On other hand using selective approach she selected motions filed by Pro Se plaintiffs which were harming the interests of opposing parties and issue ruling against Plaintiffs. The details separated sequentially and circumstance wise are enumerated in succeeding subparagraphs clearly showing bias, partiality, discrimination and retaliation of Defendant.

    (a)    Actions in favor of Plaintiff (GEICO), Attorney of Plaintiff and to attorney of indispensible party (PROGRESSIVE) resulting in provide undue advantages and legal protections for which only remedy available is filing of writs and seeking post trial appeals which itself

is herculean task for Pro Se litigants procedurally and financially against deep pocketed corporations.

(i)  Progressive, a liability insurer of Plaintiff is an indispensible party under F.S. 627.727(6)(B) and it is must that GEICO while filing a suit on 15th July 2022 should named and include them as codefendants being indispensible Party. Despite being attorney herself and now judge the fact is well known to Defendant. She willingly chooses to ignore the fact and continue with presiding over case and granted a motion to strike appearance and motion to withdraw filed on 02 Nov 2022 by attorney Mr. Timothy, a Salaried employee of PROGRESSIVE who has duty to join, defend Plaintiffs and filing of countersuit to recover access subrogated amount paid to GEICO without any prejudice only on nonexistent ground of "EXCUSABLE NEGLECT" on 08th May 2023. Timothy once entered willingly had no ground to excuse himself from defending Plaintiffs. Defendant unlawful act not only made plaintiff defenseless but awarded tactical advantage to opponents.

(ii)   Defendant denied the motion of compel discover filed (09th May 2023) on 07th July 2023 citing reason that discovery not propounded under rule governing interrogatory willfully ignoring the fact that discovery was propounded under provision of F. R. Civ. P. 1.350 (Request to Produce).

(iii)   Defendant Denied other discovery related motion(s) filed (13th July 2023) on 03rd August 2023 citing reason(s) Time limit of 270 Days imposed through unconstitutional differentiated case management order (CMO) is over and no further discovery is allowed. No technical or procedural deficiency observed and recorded in order. The same order also includes denial of request to extend the deadline of (CMO) filed by Plaintiffs citing no ground or good cause to deny it. The denial of extension let CMO expires on 15th July 2023, a date set by Defendant herself to finalize case through completion of trial. The court as on date has no jurisdiction to continue with case in absence of valid extension order. In euphoria of denying legitimate requests and rights, Defendant not only tarnishes the image of court but put the court in embarrassing situation. The actions were aimed at granting undue advantage and

tactical victory to GEICO and all others engaged in denial of truth being discovered.

(b) **Direct Actions against Plaintiffs**.

(i) Denial of motion to appear in person on hearing scheduled on 15th March 23 filed on 15th February 2023 and ruled on 20 February 2023 which were submitted citing clear reason of violation of constitutional rights and other constraints. While denying the motion no explanation or good cause to deny it was recorded in order by Defendants as she did not have any. The sole purpose of denial was to shield an attorney who scandalously filed appearance and meticulously planned withdrawal remotely, without moving from comfort of his office while shielding his client and GEICO from disastrous consequences of having been exposed to necked truth of illegal and corrupt business practices. The effort of defendant was also aimed at shielding actions of her presumed naive Judicial Assistant who issued hearing notice order without validation of due process plaintiffs has right to have.

(ii) Ignoring the request notice filed on 07th March 23 for issue of order to discontinue use and redact personal information

which was with malafide intention were brought in to public domain by Mr. Timothy and subsequently used by Defendant while protecting same private information from public view. The attorneys and court are using public email addresses and official addresses and business property while pro se litigants are being forced to use their private property and personal information in courts. This disparity itself enough to prove the violation of rights granted and secured through 14th Amendments.

(iii) Denial of hearing of motion field on 18th July 2023 seeking answers to question raised on constitutionality of actions and procedures which were resulting in violation of constitutional rights of Plaintiffs and issue of ex parte order without addressing the actual controversy exist on 03rd August 23 on unconstitutional grounds citing the case which had outcome favoring the request of Plaintiffs.

57.   Defendant ignored the other constraints plaintiffs had which were duly brought to her notice through filing a notice of non attendance filed on 07th March 2023 to make reasonable accommodation through grant of in person hearing in order to have fair and impartial hearing. Plaintiffs were also deprived

of other procedural protections such as an opportunity for confrontation and cross-examination of witnesses, discovery, a decision based on the record purposefully to shield conduct of Mr. Timothy by conveniently converting an evidently hearing in to non evidently hearing  and granting time of 3.5 minutes or less to each plaintiff effectively in which no meaningful representation was possible vis a vis 15 minutes allotted to Mr. Timothy who did not answer interrogatory sent to him for purpose of cross examination and discovering true intent of injection in to case.

58.    The actions listed above itself are enough to prove that actions of defendants are discriminatory, taken in retaliation and resulting in disparity and violation of equal protection of law granted to Plaintiff under 14th Amendments of US Constitution.

59.    Defendant acting under the color of state law all the time fails to ensure the impartiality of court and did not provide equal opportunities and equal protection of law to Plaintiff which she offered or willing to offer to defense and opposing attorneys. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983, 18 U.S.C. § 242 and Title VI of Civil Right Acts of 1964.

**THIRD CLAIM: ACTION(S) AMOUNT TO INVADING THE PRIVACY AND UNLAWFUL SEARCH AND SEIZURE, AN ACTIVITY PROTECED UNDER**

### RIGHTS OF FOURTH AMENDMENT AND SECURED THROUGH FOURTEENTH AMEDMENTS OF US CONSTITUTION AGAINST DEFENDANT

60.    Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

61.    *"In case of Katz v. United States, The US Supreme Court stated: What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected."* (Emphasis added)

62.    Plaintiff's need of protecting their email addresses, mobile phone numbers, and properties acquired/ possess including electronics devices capable and related to communication technology and other such information from public domain which has no direct or indirect relation to active case is protected through rights granted under 4th amendment and secured through 14th Amendments. The Florida Courts does not have jurisdiction to (1) make an inquiry, (2) to issue order seeking such information under penalty/perjury to plaintiff, or  to (3) Make rules through amendment of procedure as done by introducing unconstitutional form 2.601(Florida Rules of General Practice and judicial Administration rule 2.516 (Service of Pleading and documents)) unless

due consent is obtained from plaintiffs prior to obtain and use of such information in any judicial proceedings and not by force/coercive method.

63.     Reference to ¶¶ 20 & 21, email addresses were purposefully leaked by Attorney Mr. Timothy for his personal benefits in judicial proceedings without having consent of plaintiff which subsequently also used by Defendant and her staff in communicating court orders dated 20th Feb 23 & 08th May 2023 (Refer ¶ ¶24 & 32) amounts to invading the privacy of Plaintiffs and illegal search and seizure of property and thus deprivation of rights of acquiring and enjoying the life, liberty and pursuit of happiness through use of property is clear violation rights granted under 4th amendment and secured through 14th Amendment.

64.     Defendant personally, maliciously, and under color of state law deprived Plaintiffs of Plaintiffs' rights granted under the Fourth Amendment and secured through 14th Amendment to the United States Constitution by ordering Plaintiff to appear in remote hearing scheduled on 15th March 2023 on motion filed by Plaintiffs' alleged attorney through use of private property owned by Plaintiffs from privacy of plaintiff's home utilizing internet connection owned by plaintiff for personal use without having any jurisdiction over it. This action amounts to invasion of privacy of Plaintiffs and illegal search and seizure of personal property of plaintiff.

65.    This alleged act of Defendant is also a violation of rights granted to plaintiffs under Constitution of State of Florida under Article I § 12.

66.    Defendant at all times relevant to this action was acting under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983 and 18 U.S.C. § 242.

## FOURTH CLAIM: DEPRIVATION OF PROPERTY WITHOUT COMPENSATION, A VIOLATION OF FIFTH AMENDMENT SECURED THROUGH FOURTEETH AMENDMENTS AGAINST DEFENDANT

67.    Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

68.    Defendant order plaintiff to use their private property in court proceedings without any compensation offered which was scheduled on 15th March 2023.

69.    Defendant through her judicial assistant kept insisting on scheduling all hearing through remote proceeding only without mention of any compensation.

70.    Defendant at all times relevant to this action was acting under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983 and 18 U.S.C. § 242.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    Trial by jury on all issues so triable;

B.    Injunctive relief ordering County Court, in and for Lake County and other superior courts of Florida Court System to cease its forced practice of ordering litigants to appear through remote hearing.

C.    Injunctive relief ordering County Court, In and Lake County and Circuit Court of fifth Judicial Circuit to stay proceedings in case 2022-CC-3697 with immediate effect.

D.    General and special compensatory damages;

E.    Punitive damages;

F.    Award to Plaintiffs of reasonable costs incurred in connection with this action from the Defendant pursuant to 42 U.S.C. §1988;

G.    Pretrial interest on compensable court fees and other legal expenses and, such further and different relief as is just and proper or that is necessary to make the Plaintiff whole.

H.    Disciplinary proceeding against Judge Carla R Pepperman be initiated or direction be issued to agency having jurisdiction to do so.

I.    Court Order to U.S. Marshal for delivery of summons to defendant.


Respectfully submitted,

*(VISHRUT AMIN)*

(VISHRUT AMIN)

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing          : 16th November 23

Signature of Plaintiff   : Vishrut Amin

Printed Name of Plaintiff: VISHRUT AMIN

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed today, on 16th Nov , 2023 the foregoing with the Federal Clerk of the Court for the Middle District of Florida, which will send notification of such filing to all persons registered for this case, including the Defendants' counsel if any.

Vishrut Amin
VISHRUT AMIN
24828 Lambrusco Loop,
Lutz, Fl-33559