UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VISHRUT AMIN, and
JIGARBHAI N. AMIN,

    Plaintiffs,

v.                                                  Case No: 8:23-cv-02345-KKM-JSS

JUDGE CARLA R. PEPPERMAN,
individually, and in her official capacity,

    Defendant.
_____

## ORDER

On October 16, 2023, Vishrut Amin and Jigarbhai Amin, proceeding pro se, filed suit against the Honorable Carla R. Pepperman, County Judge for the Fifth Judicial Circuit in and for Lake County, Florida. Compl. (Doc. 1). Plaintiffs alleged that Judge Pepperman deprived them of constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, in violation of 42 U.S.C. § 1983, by conducting certain state court proceedings via Zoom. Compl. at 3, 7. Plaintiffs also claimed to be the victims of discrimination and retaliation under Title VI of the Civil Rights Act of 1964. *See id.* at 7. Because the complaint was an impermissible shotgun pleading, the Court dismissed it with leave to amend. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320

(11th Cir. 2015); Dismissal Order (Doc. 3) at 4. Plaintiffs then filed an amended complaint that was also dismissed as a shotgun pleading. Am. Compl. (Doc. 5); 2d. Dismissal Order (Doc. 7). Both times, the Court warned Plaintiffs that submitting another shotgun pleading would result in the action being "dismissed without further notice." Dismissal Order at 4; 2d. Dismissal Order at 4. Plaintiffs have since filed a timely second amended complaint. 2d. Am. Compl. (Doc. 16). Because this filing, too, is an impermissible shotgun pleading, the action is dismissed with prejudice.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has explained that such complaints are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). And although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Vibe Micro,*

2

*Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." (emphasis omitted)).

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote omitted).

The first amended complaint was dismissed as a shotgun pleading for committing "the mortal sin" of incorporating the allegations of each preceding count into the next such

that Count III incorporated the entire amended complaint. *Weiland*, 792 F.3d at 1322; 2d. Dismissal Order at 3–4. Despite notice and the grant of leave to amend, the second amended complaint contains the same fatal flaw. *Weiland*, 792 F.3d at 1321 ("The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." (footnote omitted)); 2d. Am. Compl. ¶¶ 50, 55, 60, 67. Thus—like each of Plaintiffs' pleadings to date—the second amended complaint is an impermissible shotgun pleading. *Weiland*, 792 F.3d at 1320.

Accordingly, the following is **ORDERED**:

1. Plaintiffs' Second Amended Complaint (Doc. 16) is **DISMISSED with prejudice**.

2. The Clerk is directed to **ENTER JUDGMENT**, which shall read "This case is dismissed with prejudice," and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 20, 2023.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge